IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Elizabeth Holewinski,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No: 3:22-CV-00199-JGC

Judge James G. Carr
Magistrate Judge Jonathan D. Greenberg

**ORDER**

    This is an appeal from the denial of Social Security benefits. On February 4, 2022, Plaintiff, Elizabeth Holewinski, filed a Complaint seeking review of Defendant's denial of her application, on behalf of her daughter, A.G., for Supplemental Security Income ("SSI") for a period of disability beginning on September 19, 2019. (Doc. 1).

    An administrative law judge (ALJ) rejected Plaintiff's claim that A.G. is disabled. The ALJ found that A.G. suffered from multiple severe impairments: anxiety disorder, unspecified mood disorder, attention deficit hyperactivity disorder (ADHD), bipolar disorder, dyslexia, alexia, and oppositional defiant disorder. (Doc. 6, pgID 231). The ALJ then found that A.G. "does not have an impairment or combination of impairments that functionally equals the severity of the listings." (*Id.*, pgID 232-33). Per the ALJ, A.G. had no "marked" or "extreme" limitations in the six relevant domains of a child's functioning, per 20 C.F.R. § 416.926a(b)(1))(i)-(vi). (*Id.*).

1

Pursuant to Local Civ. R. 72.2(b) (Automatic Reference), I referred the Complaint to Magistrate Judge Jonathan D. Greenberg for issuance of a Report & Recommendation (R&R). The Magistrate Judge filed his R&R on September 20, 2022. (Doc. 12).

In the R&R, Magistrate Judge Greenberg recommends that I affirm the Defendant's decision. The Magistrate Judge further duly notified the parties of the deadline for filing objections. On October 4, 2022, Plaintiff filed Objections to the Magistrate Judge's R&R. (Doc. 13). On October 17, 2022, Defendant filed a non-substantive Response to Plaintiff's Objections that merely indicated her agreement with the R&R. (Doc. 14).

On *de novo* review, *see* 28 U.S.C. § 636(b)(1), I find the R&R well-taken in all respects. I overrule Plaintiff's objections, adopt the R&R as the order of the court, and affirm the Commissioner's decision.

## Discussion

Plaintiff raises four Objections to the R&R, namely that:

1. The Magistrate Judge incorrectly determined that substantial evidence supported the ALJ's determination of A.G.'s limitations;
2. The Magistrate Judge's findings, analysis, and determination regarding the impact of a prior ALJ's decision were incorrect;
3. The Magistrate Judge incorrectly found that substantial evidence supported the ALJ's functional equivalence analysis; and
4. The Magistrate Judge incorrectly found that the standard for Sentence Six remand was not met.

(Doc. 13, pgID 1221-26).

### 1. The Effect of the Earlier ALJ's Decision

I discern no substantive difference between Plaintiff's first and second Objections, so I discuss them together. Plaintiff argues that: in an earlier administrative appeal, the ALJ granted a closed period of disability ("CPOD") to A.G. from December 20, 2017 through May 2, 2019; on May 2, A.G. started taking lithium, (Doc. 6, pgID 281-333); the ALJ incorrectly assumed that

2

lithium would lead to an improvement in A.G.'s condition. (Doc. 13, pgID 1221-1224). Plaintiff (as did Judge Greenberg) correctly observes that the later ALJ misconstrued the previous ALJ's decision as an "unfavorable decision," when the decision was, in fact, partially favorable (Doc. 6, pgID 230; Doc. 12, pgID 1212; Doc. 13, pgID 1222).

According to Plaintiff, because the later ALJ missed the "proper longitudinal picture that the Lithium was previously the key to whether A.G. would be or not be disabled" and A.G.'s condition, in fact, worsened, substantial evidence did not support the ALJ's determination that A.G. was free from any marked limitations. (Doc. 13, pgID 1224). That is Plaintiff's argument in support of her first Objection. In support of her second Objection, Plaintiff argues that "the premises under which the COPD . . . was granted . . . requires review as to whether the same or even additional considerations warrant a finding of disability currently." (*Id.*, pgID 1225). Both of Plaintiff's first two objections relate to the later ALJ's alleged failure to consider properly the impact of the prior ALJ's granting of a CPOD. Plaintiff argues that the prior ALJ's finding of a CPOD creates only a "rebuttable presumption" of no disability for the time period now at issue. She argues that she can overcome this presumption with "new and material evidence," in order for the later ALJ to find A.G. disabled. (*See id.*, pgID 1222).

I do not find either of these Objections – essentially the same argument regarding the weight that should have been afforded to the prior granting of CPOD – to be well-taken. Judge Greenberg acknowledged that the ALJ incorrectly characterized the previous ALJ's decision as "unfavorable." (Doc. 12, pgID 1212). Even so, Judge Greenberg correctly observed that the current period of disability "post-dates the time frame considered by the previous ALJ when the July 2019 decision was issued." (*Id.*, pgID 1213).

3

The Sixth Circuit has made clear that, because "human health is rarely static . . . . [a]ny earlier proceeding that found or rejected the onset of a disability could rarely, if ever, have 'actually litigated and resolved' whether a person was disabled at some later date." *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 933 (6th Cir. 2018). The Sixth Circuit in *Earley* was expressly discussing the concept of issue preclusion, and Plaintiff claims she is arguing neither issue nor claim preclusion (Doc. 13, pgID 1225). But the essential holding of *Earley* applies. Specifically, that ALJs are to consider separately distinct time periods of alleged disability.

Plaintiff argues that the later ALJ should have afforded some weight to the previous ALJ's finding of a CPOD, even if that finding did not fully preclude the later ALJ from making an independent finding regarding A.G.'s disability status. Indeed, a prior ALJ's findings "are a legitimate, *albeit not binding*, consideration in reviewing a second application." *Earley, supra*, 893 F.3d at 933 (6th Cir. 2018) (emphasis added). In other words, *Earley* makes clear that a "later administrative law judge *may* consider what an earlier judge did" – not that he or she *must* do so. *Id.* at 934 (emphasis added). Therefore, the later ALJ correctly observed that the earlier ALJ's findings did not bind her subsequent, *de novo*, findings in any way. (Doc. 6, pgID 231).[1]

All of this is to say, I agree with Judge Greenberg that the later ALJ need not have deferred to the prior ALJ's findings. Judge Greenberg construed Plaintiff's argument as one in support of applying *res judicata*. Plaintiff claims that is not her argument. Even so, I find his reasoning regarding the effect of the previous ALJ's findings fatal to Plaintiff's first two Objections.

---

[1] Even so, as Judge Greenberg correctly notes, the later ALJ explicitly considered the prior ALJ's findings. Although she incorrectly characterized the prior ALJ decision as "unfavorable," she recognized that A.G.'s "severe impairments" from the earlier CPOD remained severe. (Doc. 6, pgID 231).

Accordingly, I am not required to find that the later ALJ's findings were unsupported by substantial evidence, despite her incorrect characterization of the prior ALJ's decision. I therefore overrule Plaintiff's first two Objections.

## 2. Functional Equivalence Analysis

Plaintiff argues in support of her third Objection that the ALJ disregarded and/or improperly weighed A.G.'s medical records. Consequently, she argues, substantial evidence did not support the ALJ's functional equivalence analysis. I disagree.

Plaintiff specifically calls attention to the ALJ's and Judge Greenberg's purported failures to consider findings of lability in A.G.'s treatment records, to account for the "ever-escalating dosages" of lithium required for A.G.'s mental functioning, and to consider properly an unsigned teacher questionnaire. (Doc. 13, pgID 1226-27).

But Judge Greenberg extensively discussed the medical evidence to which both parties have referred. (Doc. 12, pgID 1195-1204). In doing so, he correctly points out that the ALJ discussed and considered treatment records regarding A.G.'s lability. (*Id.*, pgID 1214; Doc. 6, pgID 235). Thus, I find Plaintiff's assertion that the "issue of lability is not set forth by the ALJ" (Doc. 13, pgID 1227) wholly unmeritorious.

Nor do I find persuasive Plaintiff's argument regarding the ALJ's failure to consider the diminishing returns of A.G.'s lithium medication. The ALJ noted A.G.'s hearing testimony, in which she indicated that her medication, including, presumably, lithium, allowed her to focus. (Doc. 6, pgID 234). The ALJ exhaustively detailed medical evidence – which itself accounted for A.G.'s adjusted lithium dosages – underlying her functional equivalence analysis. (*Id.*, pgID 232-37). Plaintiff has not indicated why the diminishing returns from lithium, in the context of the other medications A.G. was taking and the entire picture of A.G.'s functioning, would

undercut the substantial evidence supporting the ALJ's analysis. It is not my job, nor Judge Greenberg's, to articulate a reason for her.

Finally, Plaintiff disputes how Judge Greenberg construed an unsigned and undated teacher questionnaire, which stated that that A.G. had no problems acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, or caring for herself, and that she was "always well behaved." (*Id.*, pgID 566-72). The ALJ determined that A.G.'s teacher completed the questionnaire and that it was "partially persuasive." (*Id.*, pgID 236). Judge Greenberg agreed with the ALJ's interpretation of the evidence, while declining to weigh the evidence himself. (Doc. 12, pgID 1214).

Plaintiff contends that both the ALJ and Judge Greenberg inaccurately attributed the questionnaire to A.G.'s teacher, when the only name listed on it was that of a guidance counselor. (Doc. 13, pgID 1227). But Plaintiff fails to explain why this alleged misinterpretation is consequential to Judge Greenberg's finding that the substantial evidence supported the ALJ's ultimate decision. Here again, I decline to fill in Plaintiff's argument on her behalf. In any case, I find that it was reasonable for the ALJ and Judge Greenberg to attribute the questionnaire to A.G.'s teacher rather than her guidance counselor. Although the questionnaire is unsigned, the person who filled it out stated that he or she was A.G.'s "classroom teacher" and that he or she taught A.G. writing and social studies. (Doc. 6, pgD 567). The ALJ's and Judge Greenberg's construal of the evidence is therefore well founded.

Thus, I overrule Plaintiff's third Objection.

6

### 3. Sentence Six Remand

In support of her fourth and final Objection, Plaintiff argues that two sets of records that she did not submit to the ALJ warrant remanding her case for further administrative proceedings. Those are: (1) records from the Zepf Center, which predated the ALJ's findings but which Zepf did not provide despite Plaintiff's request for all records pertaining to A.G.; and (2) hospital and Zepf records that postdate the ALJ's findings. (Doc. 13, pgID 1227-30).

As Judge Greenberg notes, a district court may remand a case for further administrative proceedings according to evidence submitted after an ALJ's decision if the claimant can show satisfaction of the standards in sentence six of 42 U.S.C. § 405(g). (Doc. 12, pgID 1216-17). Those standards are that the evidence is "new," "material," and "good cause" exists for failure to incorporate it in the record in front of the ALJ. 42 U.S.C. § 405(g).

I agree with Judge Greenberg that the Zepf Center records predating the ALJ's findings are not "new." Evidence is "new" only if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Plaintiff does not dispute that the evidence was in existence or that it was ultimately available to her upon reaching out to Zepf a second time. She instead argues that "good cause" exists for her failure to introduce the evidence to the ALJ. But, per sentence six, the "good cause" inquiry only occurs once a Plaintiff can establish that the evidence is "new." 42 U.S.C. § 405(g). Because the evidence was not "new," Judge Greenberg had no need to determine whether good cause existed for its absence in the record.

In any case, I also find that Plaintiff would not have been able to establish good cause. Plaintiff's counsel concedes that, while the claim was in front of the Appeals Council, he "became aware in conversations with [Plaintiff], that there must be other records . . . ." (Doc. 13,

pgID 1228). He states that he "cannot be clairvoyant" and, thus, good cause exists. (*Id.*). But in making this representation, he implicitly concedes that Plaintiff herself knew that the additional records existed and that Zepf did not provide them in response to Plaintiff's initial request. Counsel need not be "clairvoyant," but it was his responsibility to ensure, through communication with his client, that all relevant records, of which Plaintiff herself was aware, were in front of the ALJ. Hence, I do not find that Plaintiff would be able to establish good cause, even if the evidence was new and material.

As for the hospital and Zepf records that postdate the ALJ's findings, I agree with Judge Greenberg that remand pursuant to those records would be inappropriate because Plaintiff has not demonstrated their materiality. The period relevant to the ALJ's inquiry was the date of Plaintiff's application, September 19, 2019, through the date of the ALJ's decision, January 27, 2021.

The postdating medical evidence to which Plaintiff calls attention all falls outside the relevant period. Records from Mercy Health Sylvania Medical Center cover the time period from July 23 through November 29, 2021. (Doc. 9-1). Records from ProMedica Toledo Hospital cover December 1-4, 2021. (Doc. 9-2). Records from the University of Toledo Medical Center cover December 25-30, 2021. (Doc. 9-3). The additional records from Zepf cover December 17, 2021 through April 4, 2022.

I find Judge Greenberg's analysis entirely accurate that these records cannot be material because they do not relate back to the time period relevant to the ALJ's inquiry. *See Deloge v. Comm'r of Soc. Sec.*, 540 F. App'x 517, 519-20 (6th Cir. 2013) (finding that the "appropriate remedy" when an applicant presents "medical evidence of a deteriorated condition" that postdates an ALJ's findings is "to initiate a new claim") (internal citation and quotation omitted).

8

These records do not, as Plaintiff contends, relate back to the "pattern" of lithium's growing ineffectiveness during the relevant time period. (Doc. 13, pgID 1229). They are indicative of A.G.'s condition in a later time period and, if anything, are appropriate for a new claim relating to that period.

Plaintiff's fourth Objection is therefore not well taken, and I find no basis for remand of the claim.

Accordingly, it is hereby

ORDERED THAT:

1. Plaintiff's Objections to the Magistrate Judge's Report & Recommendation (Doc. 13) be, and the same hereby are, overruled;

2. The Magistrate Judge's Report & Recommendation (Doc. 12) be, and the same hereby is, adopted as the Order of this court;

3. The Commissioner's final decision denying Plaintiff's applications for SSI be, and the same hereby is, affirmed.

So ordered.

s/James G. Carr<br>
Sr. U.S. District Judge